DAUKSCH, J.
This is an appeal from an order granting a motion to suppress. The question is whether a deputy sheriff had authority to intercept a telephone conversation when only one of the parties to the conversation gave consent.
The pertinent statute is section 934.03(2)(c) and it provides that it is lawful for a law enforcement official to intercept a telephone conversation if only one of the parties gives consent if “the purpose of such interception is to obtain evidence of a *39 criminal act.” Should the interception not be for the purpose of obtaining evidence of a criminal act then consent of both parties must be obtained or the interception is illegal and any “fruits of the search” must be suppressed from evidence in a criminal trial.
Appellee is the mother of a child who told the deputy that she was the victim of a crime. The deputy began investigating the report and before the investigation was complete, received a message from the child saying she lied about the reported crime and recanted the details. Not believing the recantation the deputy sought to locate the child to reinterview her and put the investigation back on track. The deputy’s efforts to find her were fruitless so she (the deputy) enlisted the help of a friend of the child in order to locate her and complete the investigation. When the friend called appellee the deputy taped the conversation, unbeknownst to appellee, and the taped conversation formed the basis for a criminal prosecution because ap-pellee allegedly failed to protect her daughter, and tampered with a witness, the friend, by telling him to lie to the police. The friend knew of the child abuse and had told the appellee about it.
The trial judge ruled that because the deputy was not seeking to obtain evidence of a crime, but was merely trying to locate the child, that the taped conversation is not admissible against appellee in her trial for witness tampering and failure to report child abuse. We disagree with the interpretation and conclusion of the judge. In our view, the purpose of the call was to obtain the critical evidence needed in the child abuse case, the testimony of the child. Without her testimony the crime would go unpunished and without talking to her it would be impossible to get her to testify. The purpose of the call was to obtain the evidence of the child abuse so the interception of the communication was within the statutory allowance mentioned above.
We quash the order suppressing the evidence and remand for trial.
ORDER QUASHED; REMANDED.
HARRIS, J., concurs and concurs specially with opinion.
W. SHARP, J., dissents, with opinion.